LAURA LINGLE, APPELLEE, V. FARMERS MUTUAL TELEPHONE COMPANY ET AL., APPELLANTS.

FILED NOVEMBER 3, 1917. No. 19645.

Creditors' Suit: DEFENSES: INSOLVENT CORPORATION. If an insolvent corporation sells all of its property and rights for cash or other property and distributes the same to some of its stockholders, the parties receiving it knowing all of the facts will be held to account to the creditors of the corporation for the property so received; and that they also contributed some of their individual rights to induce such sale and transfer will constitute no defense to an action to subject such property to the claims of creditors.

APPEAL from the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE. Affirmed.

Berge & McCarty, for appellants.

R. J. Greene, contra.

SEDGWICK, J.

The plaintiff recovered a judgment against the Farmers Mutual Telephone Company. Execution was issued on the judgment and returned unsatisfied for want of property on which to levy. The plaintiff then began this action in the district court for Lancaster county against the Farmers Mutual Telephone Company and thirteen others who had been interested in that company. The plaintiff alleged that the Farmers Mutual Telephone Company, after the indebtedness was incurred upon which the judgment was rendered, had sold its property to the Lin-

101 Neb. — 48

coln Telephone & Telegraph Company for $525, and received in payment stock in the Lincoln Telephone & Telegraph Company which was issued and delivered to these defendants other than the Farmers Mutual Telephone Company; that the defendants who received the stock knew of existing conditions, and took the stock for the purpose of defrauding this plaintiff and preventing her from collecting the judgment. She asked that a receiver be appointed to take charge of the assets of the Farmers Mutual Telephone Company, including the shares of stock so issued to these defendants. The trial court found the issues in favor of the plaintiff and appointed a receiver as requested. The defendants have appealed.

The defendants admit the plaintiff's judgment and execution as alleged, and insist upon two principal defenses which are discussed at large both in the evidence and in the briefs.

1. The defendants say that the plaintiff was not employed by the Farmers Mutal Telephone Company, but was in reality employed and paid by independent users of telephones who owned their own telephones and the poles and the lines of the system. But the plaintiff's judgment against the company establishes that the company was indebted to her in the amount of that judgment, and as this question is foreclosed by the plaintiff's judgment it is not necessary to discuss it further here.

2. The second and principal contention of the defendants is that the property sold to the Lincoln Telephone & Telegraph Company was not the property of the Farmers Mutual Telephone Company, but was in reality the property of these other defendants and various other users of telephones. The answer to this contention plainly is that the Lincoln Telephone & Telegraph Company took a bill of sale, executed in the name of the Farmers Mutual Telephone Company, which purported to convey only property "owned by the Farmers Mutual Telephone Company in the town of Bennet, county of Lancaster, and state of Nebraska," and by this bill of sale the purchasing company of course took only such property as the grantor

in the bill of sale owned; that the Farmers Mutual Tele-
phone Company owned some property rights that might
be considered by the purchaser as of the value of $525 is
clearly shown by the evidence.

Mr. Varney was sworn and testified as a witness in be-
half of the defendants. He had acted as secretary and
treasurer of the company for several years, and was fa-
miliar with its affairs, and was one of the parties who ex-
ecuted the bill of sale in behalf of the company, and tes-
tified in regard to the transaction of the sale. He testified
that the real business that the Farmers Mutual Telephone
Company had to do was "to see about making the ex-
change and the business at the central office." And when
asked, "What was there in the telephone system in Ben-
net that was owned by the Farmers Mutual Telephone
Company?" he answered, "Hardly anything." He was
asked, "You know that the Nebraska Telephone & Tele-
graph Company now furnishes switch-board service and
does the exchange for all those lines, don't you?" and an-
swered, "Yes, sir. Q. And furnishes the switch board?
A. Yes, sir." And when asked, "Now, you may state
what is the difference in that system out there now than
there was when the Farmers Mutual Telephone Company
was operating it," he answered, "There is no difference
now anymore than there was in 1907."

This is unequivocal evidence offered by the defendants
themselves that the purchasing company took only the
rights and interests of the judgment debtor. There is
some evidence that these defendants, other than the judg-
ment debtor, also relinquished some rights to the pur-
chasing company for which they secured the entire con-
sideration to the exclusion of this plaintiff and others
who they say were equally interested in the company.
If they parted with something in order to induce the pur-
chaser to pay a larger price for the debtor company's in-
terest with the intention of appropriating the entire pro-
ceeds of the sale, such conduct would not improve their
position as against the plaintiff. Whether such rights
and interests of the Farmers Mutual Telephone Company

were of the value of $525, which was received for them is not material in this matter. This money should have been used to pay this plaintiff her judgment for services in conducting the exchange, and the parties, who, know-ing all the conditions, received the value for which the property and rights of the company were sold, should account to this plaintiff for the same. The trial court did right in appointing a receiver to take charge of these assets of the defendant company.

The judgment of the district court is

AFFIRMED.